Dear Mr. Cox:
This letter is in response to your question asking:
 "If a county has adopted a township organization form of government as provided by Chapter 65 of the Revised Statutes of Missouri, which designates such townships to be corporate bodies (65.260 RSMo.), is such county precluded from creating a county zoning program under Section 64.845, and from prescribing zoning regulations under Section 64.850, due to the provision in the latter section, stating that such zoning regulations would apply to the `welfare of the unincorporated portion'."
You also state:
 "Henry County, Missouri, is currently under a township form of government as provided in Chapter 65 of the Revised Statutes of Missouri. There has been a question raised for the County Court in reference to placing on the ballot the vote to create a county zoning program as provided by Section 64.845 RSMo. This section and others provide that the County Court may, upon petition, place such option on the ballot. However, the question has arisen as to whether this can be done in a county where township form of government, under Chapter 65, as incorporated areas, would be subject to said zoning laws."
Section 64.850, RSMo Supp. 1975, which you cite, provides:
 "For the purpose of promoting health, safety, morals, comfort or the general welfare of the unincorporated portion of counties of the first class not having a charter form of government, or of counties of the second, third or fourth class to conserve and protect property and building values, to secure the most economical use of the land, and to facilitate the adequate provision of public improvements all in accordance with a comprehensive plan, the county court of any county of the first class not having a charter form of government, or of any county of the second, third or fourth class may, after approval by vote of the people as provided in section 64.845, regulate and restrict, by order of record, in the unincorporated portions of the county, the height, number of stories, and size of buildings, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, the location and use of buildings, structures and land for trade, industry, residence or other purposes."
The above section was first enacted in 1965. At the same time the legislature enacted the companion sections, Sections 64.800, et seq., RSMo. Comparison with Section 64.800, RSMo Supp. 1975, reveals that Section 64.800 specifically excludes the areas of the county outside "the corporate limits of any city, town or village which has adopted a city plan in accordance with the laws of this state."
Section 64.825, RSMo, provides that the county planning commission may also prepare, with the approval of the county court, as parts of the official master plan or otherwise, sets of regulations governing subdivisions of land in unincorporated areas. This reference was undoubtedly to areas not in incorporated cities, towns and villages.
Likewise Section 64.830 provides for the approval of plats of land lying within one and one-half miles of the limits of the "incorporated area of the municipality" only by unanimous vote of the county court when a city council or town or village board by resolution protests the action of the county planning commission approving such plat. The meaning here is reasonably clear.
Section 64.835 refers to setback lines on major highways and refers to such highways "outside the corporate limits of municipalities".
Finally, in the same context, Section 64.850, which we have quoted above, refers only to the unincorporated portion of counties of the first class not having a charter form of government, or of counties of the second, third or fourth class. It also expressly states that the county court of any such county may, after approval by vote of the people as provided in Section 64.845, RSMo Supp. 1975, regulate as provided therein "in the unincorporated portions of the county," the height, number of stories and size of buildings and other matters as provided therein.
Thus, it seems apparent that the scheme of these laws with respect to the interpretation of "unincorporated areas" means those areas not within incorporated municipalities. There is no reference to township organization counties and although such bodies are corporate bodies under Chapter 65, RSMo, we feel certain that it was not the legislative intent to exclude township organization counties from the provisions of 64.850 or to treat such counties differently from such other counties. If such had been the legislative intent, it could have been clearly evidenced in enacting Section 64.850.
We do not believe that any of the precise powers given to the township corporate body board of directors under Sections65.260, et seq., RSMo, conflict with the powers granted the county court under Section 64.850 when approved by the vote of the people as provided in 64.845. We note that we previously concluded, in Opinion No. 185, dated July 7, 1966, to Simonds, copy enclosed, that a township in a township organization county does not have authority to enact a township plan or zone independently from the rest of the county. By comparison, it is clear that a township organization county can have county planning under Section 64.800
if approved by the voters.
Finally, Section 64.885, RSMo Supp. 1975, provides that the county court in any county of the first class not having a charter form of government or of any county of the second, third and fourth class may, with voter approval, adopt county planningand zoning and provides specifically that in all such counties adopting county planning and zoning the provisions of Sections64.800 to 64.840 and Sections 64.845 to 64.880 shall be applicable. It is clear that when such approval is given by the voters under Section 64.885, county planning is applicable to the areas of the county outside the corporate limits of cities, towns and villages which have adopted plans and the approval by the voters of county planning and zoning obviously authorizes county zoning in areas of the county outside the limits of cities, towns and villages because of the provisions of Section 64.885 that the provisions of Sections 64.845 to 64.880 shall be in effect in such county.
Since county planning and zoning can be authorized by a township organization county by vote of the people under Section64.885, we are of the view that county planning can be authorized by a vote of the people in township organization counties under provisions of Section 64.845. The legislative intent is clear that the reference to the "unincorporated portions" of a county in Section 64.850 refers to those areas of the county outside the limits of cities, towns and villages in both township organization counties and other counties.
Therefore, we conclude that Section 64.850 is applicable to township organization counties.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 185, 7-7-66, Simonds